Johnson J.
delivered the decision of the Court.
The correctness of the rule on which the CourC proceeded, is not questioned; but this case falls clearly within an exception, which has always obtained, or rather, it admits the application of a qualification of the rule whichis universally allowed. The note in question having been first transferred after it became due, it is subject to all the equities which existed between the original parties; and to enable us properly to understand it, we must regard this as a case between A. M'Millan, the payee, and the defendants, the makers. As, between these parties, the evidence offered was calculated to show, that although the note expresses to be for value received, the true consideration was the indemnity which it afforded the payee against his se~ curityship, for Neil M'Neill to Massay, and that.he bad been indemnified by the payment of that debt.-— *3 The case of Singleton v. Breman, State Rep. by Harper, 201, establishes very clearly, that the consideration of a note is examinable, though expressed to be for value received; and if it be without consideration, it is nuclum pactum; and by the same rule, it is admissible to shew what the true consideration is. The case in hand is still more general; the expression, value received, does not point to any particular consideration; it might have consisted of money had and received, money lent, or goods sold and delivered, so far, ■as appears from the face of the note and proof; that it ■consisted of the one or the other, would not add to, vary or contradict the note itself, but is entirely consistent with it, and shews that it was given as an indemnity, for that too, may be a good consideration, But the every day case of notes given for considerations, which have failed, as in cases where they are given for property which proves to be unsound, shows very clearly, that the consideration of a note expressed to be •for value received, may be inquired into.
We think, therefore, very clearly, that the evidence ought to have been admitted: for if, in truth, the note was given to M’Millan as an indemnity against his liability, as surety for Neil M' Neill to Massay, and Neil M’Neill paid that debt, the defendants are unquestionably not liable.

Motion granted,.